**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOMMER RICHARDS, | No.  22-15745 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-02043-JAD-BNW |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT; ONDRE WILLS, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted April 12, 2023[**]
San Francisco, California

Before: S.R. THOMAS and H.A. THOMAS, Circuit Judges, and RAKOFF,[***] District Judge.

Sommer Richards appeals the district court's grant of summary judgment to

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

former Las Vegas Metropolitan Police Department (LVMPD) officer Ondre Wills in Richards' 42 U.S.C. § 1983 excessive force action. The district court held that Wills was entitled to qualified immunity and granted his motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C § 1291. We review de novo the district court's qualified immunity determination and grant of summary judgment, *see Hughes v. Rodriguez*, 31 F.4th 1211, 1218 (9th Cir. 2022), and may affirm on any ground finding support in the record, *M & T Bank v. SFR Invs. Pool 1, LLC*, 963 F.3d 854, 857 (9th Cir. 2020). We affirm.[1]

The qualified immunity analysis here involves two determinations: (i) whether Wills' use of force violated Richards' Fourth Amendment right to be free of excessive force, and (ii) whether this right was clearly established at the time of the underlying incident. *See O'Doan v. Sanford*, 991 F.3d 1027, 1036 (9th Cir. 2021). Although the two prongs of this analysis "need not be considered in any particular order, . . . both prongs must be satisfied for a plaintiff to overcome a qualified immunity defense." *Shafer v. Cnty. of Santa Barbara*, 868 F.3d 1110, 1115 (9th Cir. 2017).

Richards has not carried her burden of showing that the "constitutional question" of whether she was entitled to be free of the use of deadly force under the facts presented here is "beyond debate." *Andrews v. City of Henderson*, 35

---

[1] Because the parties are familiar with the facts, we do not recount them here.

F.4th 710, 718 (9th Cir. 2022); *see also Shafer*, 868 F.3d at 1118 (once qualified immunity is raised, plaintiff bears the burden of demonstrating that alleged right was clearly established). The only binding precedent she cites in support—*Blanford v. Sacramento County*, 406 F.3d 1110 (9th Cir. 2005)—supports Wills' position, rather than her own. *See id.* (officers entitled to qualified immunity when they shot a suspect carrying a dangerous weapon in a residential neighborhood, potentially posing significant danger to others, although he had not threatened anyone). The out-of-circuit cases Richards relies upon also do not support her position, and, in any event, are not binding upon us. *See Int'l Chem. Workers Union Council v. NLRB*, 467 F.3d 742, 748 n.3 (9th Cir. 2006) ("out-of-circuit authority . . . [is] not binding on us."); *see also Entler v. Gregoire*, 872 F.3d 1031, 1044 (9th Cir. 2017) (holding that "where . . . there is no binding Ninth Circuit precedent" on an issue we may "look to whatever decisional law is available, including relevant decisions of other circuits.").

Because Richards has not established that the alleged right in this case was clearly established at the time of her encounter with Wills, Wills is entitled to summary judgment on the basis of qualified immunity.[2]

---

[2] Wills and his co-defendant, LVMPD, argue that LVMPD "should not be a party to this appeal" because Richards limits her appeal to the excessive force claim against Wills and does not challenge the district court's decisions on Richards' claims against LVMPD. Because we affirm the district court's grant of summary judgment, we do not address this argument.

**AFFIRMED.**